IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1090-S-BN |
| | § | |
| QWICK INC., | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER DENYING CONSTRUED MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Lane Carter filed a *pro se* lawsuit against Defendant Qwick Inc. in a Dallas County state court, which Qwick removed to federal court. *See* Dkt. No. 1.

The presiding United States district judge referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, based on the parties' joint report under Federal Rule of Civil Procedure 26(f), *see* Dkt. No. 8, the Court entered an Initial Schedule Order under the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b) on June 14, 2024 [Dkt. No. 9], which, in part, set November 4, 2024 as the deadline to complete discovery, *see id.*, ¶ 5, and December 4, 2024 as the deadline to file dispositive motions, *see id.*, ¶ 7, and explained that that "[t]he deadlines set forth in this order will not be modified except on written motion for good cause shown," *id.*, ¶ 10 (citing FED. R. CIV. P. 16(b)(4)).

Qwick timely moved for summary judgment. *See* Dkt. Nos. 10-13.

Thirteen days later, Carter sent a letter to the Court "request[ing] a rescheduled date for the discovery," which the Court construes as requesting that the Court reopen discovery, or possible revive the expired deadline and extend the time to complete discovery, because she was not "in the country from October through early December 2024." Dkt. No. 14.

The Court DENIES Carter's motion for the following reasons.

As the Initial Scheduling Order set out, Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court under Rule 16(b).

This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

"Failure to meet that threshold" through a sufficient explanation is reason alone to deny a Rule 16(b)(4) motion. *Id.*

That is because "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining

compliance] within the scheduling order's timeline.").

And, so, inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536.

Carter offers no explanation for why she waited until December 17 to move to extend the time to complete discovery, a period that expired on November 4.

True, she claims that she was not in the country beginning in October 2024 and that she contacted Qwick's counsel "in the summer and fall of 2024" about her unavailability. *See* Dkt. No. 14.

But the Court established deadlines under Rule 16(b) on June 14, 2024.

And, doing so, the Court explained to Carter that "this is [her] lawsuit, and, so, [she] must ultimately prove an entitlement to relief. Neither the Court (or any of its staff) nor counsel for other litigants will serve as *de facto* counsel for [her]." Dkt. No. 9, ¶ 1 (citing *Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel")).

The Court must therefore conclude that Carter's inadvertence – that is, her failure to explain why she did not move to extend the discovery cutoff before she left the country (and thus demonstrate diligence) – prevents a finding of good cause under Rule 16(b)(4), to allow the Court to grant the relief that she seeks. *See S&W Enters.*, 315 F.3d at 536 ("S&W could have asserted interference with contract from the beginning, but fails to explain why it did not. S&W's explanation for its delayed analysis of [a Texas Supreme Court decision] – inadvertence – is tantamount to no

explanation at all.").

Even so, the denial of this motion does not prevent Carter from obtaining discovery prior to responding to the pending motion for summary judgment if such discovery is needed and if she is able to make required showings.

As the Court notified Carter in the order setting a briefing schedule as to Qwick's summary judgment motion, "[a] motion for continuance under Federal Rule of Civil Procedure 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document." Dkt. No. 13 at 2; *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) ("Summary judgment is appropriate only where 'the plaintiff has had a full opportunity to conduct discovery.' And Rule 56(d) permits 'further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" (citations omitted)).

But, "[t]o win relief, the Rule 56(d) movant must make two showings. She first must show (A) that 'additional discovery will create a genuine issue of material fact.' Then she must show (B) that she 'diligently pursued discovery.'" *Bailey*, 35 F.4th at 401 (quoting *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)).

SO ORDERED.

DATED: December 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE